FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2009 MAR 30 AM 11: 23

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

CASE NO.

KEITH A. BAKER and
LINDA R. LERI,

    Plaintiffs,

vs.

2:09-cv-188-FtM-99DNF

AMERICAN HOME ASSURANCE
COMPANY, INC. a foreign corporation and
wholly owned subsidiary of American
International Group, Inc.,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, KEITH A. BAKER and LINDA R. LERI, by and through the undersigned counsel, sue Defendant AMERICAN HOME ASSURANCE COMPANY, INC., a foreign corporation and wholly owned subsidiary of American International Group, Inc. (hereinafter referred to as "AIG"), and allege as follows:

### Jurisdiction, Venue and Parties

1.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship between the parties and because the amount in controversy exceeds $75,000.00, exclusive of attorney's fees and costs.

2.    Plaintiff, KEITH A. BAKER, is a resident of Lee County, Florida, and is over the age of twenty-one, and is otherwise sui juris.

3.    Plaintiff, LINDA R. LERI, is a resident of Lee County, Florida, and is over

the age of twenty-one, and is otherwise sui juris.

4. KEITH A. BAKER and LINDA R. LERI (collectively "Plaintiffs") are the owners of the real property located at 12077 Honeysuckle Road, Fort Myers, Florida 33966 (hereinafter the "Subject Property").

5. Upon information and belief, AIG is an insurance company organized and incorporated under the laws of the State of New York, and doing business in Lee County, Florida.

6. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) as the subject insurance policy was issued and delivered in Lee County, Florida to Plaintiffs, and covers risks within this judicial district.

7. At all times material hereto, the Subject Property was insured by AIG under a homeowners policy issued to the Plaintiffs, namely Policy No. AIG PCG 0003852580 (hereinafter the "Policy"). A copy of the Policy is attached hereto as **Exhibit "A."**

8. At all times material hereto, the Policy was in full force and effect.

9. Plaintiffs have complied with all requirements and conditions set forth in the Policy.

10. All other conditions precedent to the maintenance of the cause of action set forth herein have occurred, been satisfied, been waived or excused.

11. Plaintiffs have retained the law firm of Shapiro, Blasi, Wasserman & Gora, P.A. to represent them in this cause and have agreed and become obligated to pay

reasonable attorney's fees for its services.

## COUNT I - BREACH OF CONTRACT

12. Plaintiffs adopt and re-allege each and every allegation set forth in Paragraphs 1 through 11 as if fully set forth herein.

13. This is an action for breach of contract against AIG for failure to pay a covered loss under a homeowner's policy of insurance.

14. At all times material hereto, Plaintiffs contracted with AIG to insure the Subject Property.

15. On December 17, 2008, Plaintiffs notified AIG of a covered loss. Upon information and belief, the drywall in the Subject Property emitted or is emitting gases which have damaged the Subject Property and the contents therein, and have interfered with Plaintiffs' use and enjoyment of the Subject Property.

16. On or about December 18, 2008, AIG inspected the Subject Property and on January 22, 2009, Rimkus Consulting Group, Inc., on behalf of AIG, inspected the Subject Property and conducted various tests. To date, AIG has failed and/or refused to disclose or produce the results to Plaintiffs.

17. On March 16, 2009, AIG verbally denied Plaintiffs' claim based on "contamination."

18. On March 17, 2009, Plaintiffs demanded that AIG provide a letter of declination explaining the reason(s) for the denial. To date, AIG has failed and/or refused to provide same or to pay Plaintiffs' claim.

3

19. Pursuant to Part II (A) of the Policy, Plaintiffs are covered "against all risks of direct physical loss or damage to your house, contents and other permanent structures unless an exclusion applies."

20. Upon information and belief, the gases emitted from the drywall in the Subject Property are not "contaminants" as defined in the Policy because they are not an "impurity resulting from the mixture of or contact with a foreign substance." Indeed, the gases are neither mixed with nor did they come in contact with any foreign substance and, therefore, the "Pollution or Contamination" exclusion does not and cannot apply.

21. Plaintiffs have suffered significant damages which are covered under the Policy and which are not subject to any exclusions. Accordingly, AIG's failure to pay Plaintiffs' claim constitutes a breach of the Policy.

22. As a direct and proximate result of AIG's breach, Plaintiffs have suffered damages in an amount in excess of $75,000.00.

23. Plaintiffs are entitled to attorney's fees and costs pursuant to Fla. Stat. §627.428(a).

WHEREFORE, Plaintiffs, KEITH A. BAKER and LINDA R. LERI, demand judgment against AMERICAN HOME ASSURANCE COMPANY, INC., a foreign corporation and wholly owned subsidiary of American International Group, for damages, costs, pre-judgment and post-judgment interest, reasonable attorney's fees pursuant to Fla. Stat. §627.428(a), and for such other and further relief as this Court

deems just and proper.

    PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Dated: March 27, 2009
         Boca Raton, FL

Respectfully submitted,

_____
ALLISON GRANT, ESQ.
Fla. Bar No. 0858330
SHAPIRO, BLASI, WASSERMAN & GORA, P.A.
7777 Glades Road, Suite 400
Boca Raton, FL 33434
Telephone: (561) 477-7800
Facsimile: (561) 477-7722
E-Mail: agrant@sbwlawfirm.com
Counsel for Plaintiffs

5