UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:09-cv-188-FtM-99DNF

KEITH A. BAKER and
LINDA R. LERI,

    Plaintiffs,

vs.

AMERICAN HOME ASSURANCE
COMPANY, INC. a foreign corporation and
wholly owned subsidiary of American
International Group, Inc.,

    Defendant.
_____/

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS ACTION VOLUNTARILY WITHOUT PREJUDICE**

Plaintiffs, KEITH A. BAKER and LINDA R. LERI, by and through their undersigned counsel, hereby file this Memorandum of Law in Support of Their Motion to Dismiss Action Voluntarily without Prejudice and state:

1. Plaintiffs have moved to dismiss the action voluntarily without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Rule 41 provides, in pertinent part:

(a) Voluntary Dismissal.

    (2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without

prejudice.[1]

2.     No counterclaim has been pleaded by Defendant.

3.     The law in the United States Eleventh Circuit is that a voluntary dismissal without prejudice should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit. *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253 (11th Cir. 2001). Dismissal should be granted in most cases unless the defendant will suffer some *legal harm*. *Spencer v. Moore Business Forms, Inc.*, 87 F.R.D. 118 (N.D. Ga. 1980). "[A] mere missed opportunity for a legal ruling is not sufficient to warrant the denial of a motion for voluntary dismissal." *In re Fed. Elect. Campaign Act Litigation*, 474 F.Supp. 1051, 1052 (D.C. 1979).

4.     Here, Defendant can show no legal harm that would befall it if the action were dismissed without prejudice. The dismissal will have no effect at all on Defendant's legal rights.

5.     Plaintiffs anticipate that Defendant's opposition to this motion will primarily be based upon the expenses incurred to date in litigating the case. However, given the limited amount of discovery taken[2], the lack of dispositive motions, the expenses incurred by Defendant could not be great. Indeed, Defendant and/or its representatives inspected the subject property and performed laboratory analysis prior to the filing of the Complaint. Moreover, "[e]ven if such [expenses] could constitute 'prejudice,' they

---

[1] Plaintiffs first attempted to dismiss this action voluntarily as provided in Fed. R. Civ. P. 41(a)(1)(A)(ii), by preparing a joint stipulation for dismissal; however, Defendant refused to stipulate. Accordingly, under Rule 41, Plaintiffs must resort to seeking a court order.

[2] On August 18, 2009, Defendant propounded its First Set of Interrogatories and Request for Production.

are a consequence of the filing of the suit, not its dismissal." *Villa Glas G.m.b.H. v. Everstone Pty. Ltd.*, 2007 WL 2126296 (M.D. Fla. 2007).

6.  The Federal courts have allowed voluntary dismissals even in cases where much greater time and effort had been invested in litigating the dispute than has yet occurred in our case. *See, e.g., Durham v. Florida E. Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967) (reversing denial of dismissal as abuse of discretion where case had already been called to trial); *BMC-The Benchmark Mngt. Co. v. Ceebraid-Signal Corp.*, 2007 WL 2126272 (N.D. Ga. 2007) (voluntary dismissal without prejudice of counterclaim proper where case had been pending 22 months, significant discovery had been taken, and counterclaim-defendant had filed motion for summary judgment). In *Pontenberg*, *supra*, the court held that dismissal without prejudice was proper even though discovery had been closed and a motion for summary judgment was pending.

7.  Plaintiffs have proceeded in good faith in prosecuting their claim; however, continuing the action is no longer economically feasible. In particular, Plaintiffs learned last week that the mortgagee on the loan for the subject insured property will not be entering into a forbearance agreement to provide Plaintiffs relief from their obligations. Plaintiffs are currently in default of their mortgage on the property, which is uninhabitable due to the presence of Chinese drywall. In addition, the undersigned counsel recently became aware that, on February 5, 2010, the United States Judicial Panel on Multidistrict Litigation entered an Order Denying Transfer to the Eastern District of Louisiana for inclusion in the multi-district case *In re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047, of an insurer's action

for declaratory relief brought in the Eastern District of Virginia. A copy of the order is attached hereto as Exhibit "A." Up to this ruling, Plaintiffs were hopeful that this case, which had been initially "tagged" as one to be potentially joined in MDL No. 2047 (See "Rule 7.5(e) Eighth Notice of Potential Tag-Along Actions," a copy of which is attached as Exhibit "B") would, ultimately, be transferred pursuant to 28 U.S.C. § 1407(c), along with several other like cases for which notices or motions for transfer had been filed seeking such relief. Based upon the attached ruling, Plaintiffs are now unable to sharing the cost of litigation and, in particular, the expense of attorneys' and experts' fees, with similarly situated claimants. The result of these recent events have put Plaintiffs in an untenable financial situation.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion to Dismiss Action Voluntarily without Prejudice and enter an order dismissing the action without prejudice.

Dated: February 16, 2010
Boca Raton, FL

Respectfully submitted,

 s/ Allison Grant, Esq.
ALLISON GRANT, ESQ.
Florida Bar No. 858330
E-mail: agrant@sbwlawfirm.com
SHAPIRO, BLASI, WASSERMAN & GORA, P.A.
7777 Glades Road, Suite 400
Boca Raton, FL  33434
Telephone:   (561) 477-7800
Facsimile:   (561) 477-7722

Attorneys for Plaintiffs, KEITH A. BAKER and LINDA R. LERI

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Allison Grant, Esq.*
ALLISON GRANT, ESQ.

## **SERVICE LIST**

Keith A. Baker and Linda R. Leri v. American Home Assurance Company, Inc.
Case No. 0:09-cv-188-FtM-99DNF
United States District Court, Middle District of Florida

| | |
|---|---|
| Allison Grant, Esq.<br>E-mail:  agrant@sbwlawfirm.com<br>Shapiro, Blasi, Wasserman & Gora, P.A.<br>7777 Glades Road, Suite 400<br>Boca Raton, FL  33434<br>Telephone:   (561) 477-7800<br>Facsimile:     (561) 477-7722<br>Counsel for Plaintiffs<br>*Via CM/ECF* | Scott J. Frank, Esq.<br>E-mail:  sfrank@butlerpappas.com<br>Butler Papas Weihmuller Katz Craig LLP<br>777 S. Harbour Island Blvd., Ste. 500<br>Tampa, FL  33602<br>Telephone:   (813) 281-1900<br>Facsimile:     (813) 281-0900<br>Counsel for Defendant<br>*Via CM/ECF* |