IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

KEITH A. BAKER and LINDA R. LERI,

    Plaintiffs,

vs.                                  CASE NO.: 2:09-cv-188-FtM-99dnf

AMERICAN HOME ASSURANCE
COMPANY, a foreign corporation,

    Defendant.
_____/

**AMERICAN HOME ASSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS ACTION VOLUNTARILY WITHOUT PREJUDICE**

    Defendant, AMERICAN HOME ASSURANCE COMPANY ("American Home"), by and through its undersigned counsel and in accordance with the Federal Rules of Civil Procedure, files its Response to Plaintiffs' Motion to Dismiss Action Voluntarily Without Prejudice, and as grounds in opposition thereto, would state:

    1.     This action was filed by the Plaintiffs, KEITH A. BAKER and LINDA R. LERI, on March 30, 2009. The action set forth a singular cause of action against American Home regarding a claimed breach of contract pertaining to a claim seeking insurance monies for damages claimed to have occurred to the Plaintiffs' home as a result of being constructed with "Chinese Drywall."

    2.     As a result of the pleadings filed in this matter by the Plaintiffs, it is clearly apparent that the damages claimed to have resulted to the subject home as a result of the utilization of "Chinese Drywall" will continue to occur and progress as time moves on without remediation of this condition.

    3.     The trial term regarding this matter was originally schedule to take place beginning August 2, 2010. However, based upon a motion filed by the Plaintiffs, the trial term was moved to the term beginning September 7, 2010.

4.	On February 16, 2010, Plaintiffs filed their Motion to Dismiss Action Voluntarily Without Prejudice. The dismissal being sought by the Plaintiffs was not agreed to by American Home, which resulted in the Motion being filed.

5.	Federal Rule of Civil Procedure 41, regarding Dismissal of Actions, states, in pertinent part, as follows:

*(a) Voluntary Dismissal.*
>	*(1) By the Plaintiff.*
>
>>		*(A) Without a Court Order. Subject to <u>Rules 23(e)</u>, <u>23.1(c)</u>, <u>23.2</u>, and <u>66</u> and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:*
>>
>>>			*(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or*
>>>
>>>			*(ii) a stipulation of dismissal signed by all parties who have appeared.*
>>
>>		*(B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.*
>
>	*(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.*

6.	A plaintiff does not have an absolute right to a voluntary dismissal in accordance with Fed. R. Civ. P. 41(a)(2). *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502 (11th Cir. 1991); *Daker v. Ferrero*, 2007 WL 1100463 (S.D. Fla. Jan. 3, 2007).

7.     While the District Court has broad discretion in making its determination as to whether to allow a cause of action to be voluntarily dismissed without prejudice, it is incumbent upon the District Court to keep the interests of the defendant in mind, because Fed. R. Civ. P. 41(a)(2) exists primarily for the protection of defendants. *GMAC, LLC v. Thomas*, 2008 WL 4621143 (N.D. Fla. Oct. 17, 2008); *Daker v. Ferrero*, 2007 WL 1100463 (S.D. Fla. Jan. 3, 2007).

8.     The rule which is generally applied when considering a motion such as that presented in this matter is the motion for voluntary dismissal should be granted unless the defendant in that action will be placed into a position where it will suffer legal prejudice as a result of the voluntary dismissal, other then the mere prospect of being involved in a subsequent legal action. *Mediavation, Inc. v. Rodgers*, 2009 WL 2766419 (M.D. Fla. Aug. 27, 2009); *GMAC, LLC v. Thomas*, 2008 WL 4621143 (N.D. Fla. Oct. 17, 2008).

9.     The crucial question to be answered in determining whether legal prejudice will occur is whether the defendant "would lose any substantial right by the dismissal?" *Mediavation, Inc. v. Rodgers*, 2009 WL 2766419 (M.D. Fla. Aug. 27, 2009); *Young v. Roy's Restaurant*, 2006 WL 2598962 (M.D. Fla. Sept. 11, 2006).

10.    In the case at bar, the Defendant, American Home would be subjected to legal prejudice in numerous ways if this Court were to allow for the dismissal of this action at this time, without resolution of the issues being presented in this litigation. These issues include the following:

> A.     ***Loss of Ownership by the Plaintiffs***
>
> As the Plaintiffs indicated in their motion papers, the subject property has a mortgage upon it, which places the mortgagee as an interested party pursuant to the subject insurance contract that is upon the subject property. The Plaintiffs have further stated in their motion papers that the property is in default and the mortgagee will no longer forebear the obligations of the

Plaintiffs, and therefore the property is subject to foreclosure. As such, there is a high probability that the property will not be in the name of the Plaintiffs at some time in the future, should the Plaintiffs seek to re-file this action. At this point in time, due to several extensions sought by the Plaintiffs as to their expert designations, no remediation plan or quantification of damages based upon such a plan have been presented in this matter. Therefore, American Home has not been provided with an opportunity to inspect the premises with this information available. As the property will probably not be in the possession of the Plaintiffs in the future, spoliation of this evidence would also be likely. This would constitute legal prejudice to American Home. Additionally, in the event of a foreclosure, the condition of the home may be an issue that is raised at a later date regarding the valuation of the home in any foreclosure action. All of these issues present serious legal concerns and prejudice to American Home.

**B.     *Continuing and Progressive Nature of Damages***

In addition to the fact that the subject property will probably not be in possession of the Plaintiffs in the future, the progressive and continuing nature of the damage claimed to be ongoing at the subject premises also places the Defendant, American Home in a position of legal prejudice. At this time, the Amended Case Management and Scheduling Order [Doc. 18] allows for Dispositive Motions to be filed on or before May 4, 2010, with trial taking place beginning on September 7, 2010. This would effectively limit any continuing or progressive damages to the subject premises. However, allowing for this dismissal without prejudice as to the Plaintiffs would effectively allow for the action to be re-filed within four (4) years from now. The progressive nature of these damages would allow for the damages

sought by the Plaintiffs to increase substantially over that time, in any number of unforseen fashions. Additionally, should the subject property be foreclosed upon, and an action filed by the mortgagee, many other unforseen issues could arise regarding the continuing and progressive nature of the claimed damages.

C.     **Potential for Claim by Mortgagee**

The mortgagee on this property is named on the subject insurance contract, and therefore, may have a certain interest in this property through the insurance contract and any proceeds that would be recovered. Allowing for this action to be dismissed at all, much less without prejudice, would allow for an action to be brought at a much later date by a non-party, such as the mortgagee. Allowing for that to occur can cause serious legal issues to arise regarding the nature and amount of damages claimed and discovery issues (as the discovery cutoff is rapidly approaching in this matter and witnesses, documentary and physical evidence can surely be lost as a result of the transfer of ownership of the subject property).

11.    The very real potential for legal prejudice arising from the dismissal of this action, including that actions could be brought by other parties, not a party to the instant action; the affect that such a dismissal could have on damages; the affect that dismissal could have on discovery matters in the future as opposed to now and ultimately how all of these factors will potentially affect the litigation of this matter or any subsequent actions must be considered by this Court prior to making its decision on this motion. As previously pointed out, the protection of the defendant must be a primary concern for the Court in making its decision. The Plaintiff had the opportunity to bring this action when and where they wanted to. After making their decision, they impacted American Home, and cannot

now adversely affect them even further, and to the point of inflicting legal prejudice, simply because they now wish to fight another day.

12. Accordingly, American Home would request that this Court deny the Motion for Voluntary Dismissal Without Prejudice and require that this action proceed to its ultimate resolution. Alternatively, if this court is inclined to grant any Motion for Voluntary Dismissal, it should be with prejudice, however, American Home prays that this Court provide the former relief as opposed to the latter.

WHEREFORE, Defendant, AMERICAN HOME ASSURANCE COMPANY, respectfully requests that this Court deny the Plaintiffs' Motion to Dismiss Action Voluntarily Without Prejudice and any and all such further relief as this Court may deem just and proper.

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

*/s/ Scott J. Frank*
SCOTT J. FRANK, ESQ.
Florida Bar No.: 0775606
777 S. Harbour Island Boulevard
Suite 500
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
sfrank@butlerpappas.com
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I certify I presented the foregoing Clerk of Court for filing and uploading to the EM/ECF system, which will send a Notice of Electronic Filing to the following:

>Allison Kay Grant, Esq.
>Shapiro Blasi Wasseman & Gora
>7777 Glades Road
>Suite 400
>Boca Raton, FL  33434-4193
>
>Robin I. Cohen, Esq.
>Shapiro Blasi Wasserman & Gora
>7777 Glades Road, Suite 400
>Boca Raton, FL  33434-4193

on February 19, 2010.

                                                       */s/ Scott J. Frank*
                                                      SCOTT J. FRANK, ESQ.

.