UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEITH A. BAKER and LINDA R. LERI,

        Plaintiffs,

v.                                      Case No. 2:09-cv-188-FtM-36DNF

AMERICAN HOME ASSURANCE
COMPANY, a foreign corporation
and wholly owned subsidiary of American
International Group, Inc.,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiffs' Motion to Dismiss Action Voluntarily Without Prejudice (Doc. 24), filed on February 16, 2010. Defendant filed a response in opposition (Doc. 28) on February 19, 2010.

## FACTS

On March 30, 2009, Plaintiffs Keith Baker and Linda Leri brought an action against Defendant American Home Assurance Company, alleging breach of contract under an insurance policy Plaintiffs had purchased from Defendant. Specifically, Plaintiffs alleged that Defendant failed to compensate them for a covered loss relating to damages to their house caused by defective "Chinese drywall." In its answer, Defendant admitted that Plaintiffs' home was covered by an insurance contract from October 11,

2008 through October 11, 2009, but maintained that the damages caused by the drywall fall outside the scope of the contract for several reasons. Specifically, Defendant noted that the policy does not provide coverage for damages caused by "pollution or contamination," for damages caused by "fungi or bacteria," for faulty construction or faulty construction materials, for claims falling within the "gradual or sudden loss exclusion," and that Plaintiffs' damages occurred outside of the period of coverage. No counterclaim or third party claims have been filed.

On February 16, 2010, Plaintiffs filed a Motion to Dismiss Action Voluntarily Without Prejudice. In this motion, Plaintiffs noted that they are currently in default of their mortgage on the property, which is uninhabitable due to damages caused by the drywall. They further noted that they will not be entering into a forbearance agreement with the mortgagee. In addition, on February 5, 2010, Plaintiffs learned that this pending products liability case against the drywall manufacturer would not be included in a class action claim brought in the Eastern District of Louisiana.

## ANALYSIS

Rule 41 of the Federal Rules of Civil Procedure governs the dismissal of actions. A plaintiff may dismiss an action without an order of the court at any time before the adverse party has served an answer or moved for summary judgment. Fed. R. Civ. P. 41(a)(1). Absent a contrary indication, dismissal under Rule 41(a)(1) or Rule 41(a)(2) is without prejudice.

A district court enjoys broad discretion in determining whether to allow voluntary

dismissals under Rule 41(a).  Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001), Mediavation, Inc. v. Rodgers, 2009 U.S. Dist. LEXIS 76623, *4 (M.D. Fla. Aug. 27, 2009).  The Eleventh Circuit favors voluntary dismissals, and has noted that "in most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result." See Id. (quoting McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856-57 (11th Cir. 1986) (emphasis in original)).  When considering a voluntary dismissal, the crucial question is: "Would the defendant lose any substantial right by the dismissal?"  Id. (quoting Durham v. Fla. E. Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967)).  In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court will "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate."  Id. at 1256 (citing McCants, 781 F.2d at 857).

Here, a voluntary dismissal is appropriate unless American Home Assurance Company will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit.  Considerations relevant to this inquiry include the duration of the lawsuit, the number of motions filed, the extent of discovery undertaken, whether extensions of time have been granted, and Plaintiff's purpose for pursuing the voluntary dismissal.  McBride v. JLG Indus., Inc., 189 F. App'x 876, 878 (11th Cir. 2006); Mosley v. JLG Indus., Inc., 189 F. App'x 874, 876 (11th Cir. 2006); Stephens v. Ga. Dep't. Of Transp., 134 F. App'x 320, 323 (11th Cir. 2005).

In this case, no depositions have been taken, and very few motions have been filed. Extensions of time have been granted to Plaintiffs for discovery purposes. However, Defendant failed to plead a counterclaim before being served with Plaintiffs' Motion for Voluntary Dismissal.

Defendant argues that by allowing a voluntary dismissal without prejudice, the Court would be exposing Defendant and the mortgagee to the risk of spoilation of evidence and dilapidation of the home. Specifically, Defendant suggests that the condition of the home may be an issue raised at a later date regarding the valuation of the home in a foreclosure action, and a voluntary dismissal without prejudice would result in continuing and progressive damages to the subject premises. However, these risks are typical of all cases involving mortgage defaults, and are not sufficiently compelling to overcome Plaintiffs' reasons for the voluntary dismissal.

Plaintiffs' reasons for voluntary dismissal are persuasive. Specifically, Plaintiffs can no longer bear the costs of litigation. Their house is being foreclosed upon and they have recently been denied a forbearance. Moreover, Plaintiffs also recently learned that this products liability claim will not be joined with other cases litigating similar issues in the Eastern District of Louisiana, and this creates additional financial burdens for Plaintiffs. The Court refuses to force Plaintiffs to undertake the costly burdens of litigation when they can ill afford to do so.

**IT IS HEREBY ORDERED:**

1.   Plaintiffs' Motion to Dismiss Action Voluntarily Without Prejudice is GRANTED.

2.   The Clerk of Court is directed to terminate any pending motions and deadlines, enter judgment accordingly and close this case.

**DONE AND ORDERED** in Ft. Myers, Florida, on March 11, 2010.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES FURNISHED TO**:

Counsel of Record